IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **EDWARD JAMES CALHOUN,** Institutional ID No. 0222686 | § § § | |
| Plaintiff, | § § | |
| VS. | § § | Civil Action No. 4:23-cv-44-O |
| **C.O. CALDWELL,** *et al.*, | § § § | |
| Defendants. | § | |

### ORDER

Plaintiff Edward James Calhoun is a pretrial detainee confined in Tarrant County Jail ("TCJ"). In this civil-rights action, he alleges that Correctional Officer Caldwell hit his right hand and wrist with her clipboard, causing him to sustain injuries. Proceeding pro se and *in forma pauperis* ("IFP"), Calhoun seeks to recover $1 million from Tarrant County Sheriff Bill Waybourn and Officer Caldwell under 42 U.S.C. § 1983. *See* Compl., ECF No. 1.

For the following reasons, the Court **DISMISSES** Calhoun's complaint.

**I.     LEGAL STANDARDS**

    **A.     28 U.S.C. § 1915(e)(2)**

A district court *must* dismiss a prisoner's IFP complaint if, at any time, it determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant that is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Norwood v. O'Hare*, 404 F. App'x 923, 924 (5th Cir. 2010).

Dismissals for failure to state a claim under § 1915(e) are reviewed de novo, using the same standard applicable to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (citing *Praylor v. Tex. Dep't of Crim. Just.,* 430 F.3d 1208, 1209 (5th Cir. 2005)). Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but the plaintiff must allege facts that support each element of the cause

of action in order to state a valid claim. *See City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 154–55 (5th Cir. 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.")). The court does not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *City of Clinton, Ark.*, 632 F.3d at 153 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**B.  42 U.S.C. § 1983**

To state a claim for relief under 42 U.S.C. § 1983, the plaintiff must allege that (1) some person has deprived him of a federal right; and (2) that the person acted under color of state or territorial law. *See Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

1. Capacities

Section 1983 claims may be brought against persons in their individual or official capacity, or against a governmental entity. *See Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009) (citations omitted). Personal-capacity suits seek to impose liability upon a government official as an individual while official-capacity suits generally represent another way of pleading an action against the entity of which an officer is an agent. *Id.* (citing *Monell v. New York City Dep't of Social Serv.'s*, 436 U.S. 658, 690 n. 55 (1978)).

In order to recover damages under § 1983 from municipal employees in their *official* capacities, a plaintiff must demonstrate that the municipality itself is liable for the alleged unlawful conduct. Municipalities are only liable if their official policies or customs cause injuries to the plaintiff. *Id.*

2. Excessive Force

Because Calhoun complains about events that occurred while he was a pretrial detainee, his claims are governed by the Due Process Clause rather than the Eighth Amendment. *See Jackson v. Culbertson*, 984 F.2d 699, 700 (5th Cir. 1993) (citing *Valencia v. Wiggins*, 981 F.2d 1440 (5th

2

Cir. 1993)). Regardless, Calhoun's excessive-force claims are still analyzed under the same standard applicable to an Eighth Amendment excessive-force claim. *See Haddix v. Kerss*, 203 F. App'x 551, 554 (5th Cir. 2006) (citing *Jackson*, 94 F.2d at 700)). To prevail on such a claim, a plaintiff bears the burden of showing (1) an injury; (2) which resulted directly and only form the use of force that was excessive to the need; and (3) the force used was objectively unreasonable. *See Haddix*, 203 F. App'x at 554 (citations omitted).

In evaluating excessive-force claims under the Eighth Amendment, the "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Cowart v. Erwin*, 837 F.3d 444, 452 (5th Cir. 2016) (citing *Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992)). The focus of this standard is on the official's subjective intent to punish, which is determined by reference to the well-known *Hudson* factors—the extent of injury suffered; the need for application of force; the relationship between that need and the amount of force used; the threat reasonably perceived by the responsible officials; and any efforts made to temper the severity of a forceful response. *See Cowart*, 837 F.3d at 452–53 (citations omitted).

Although a showing of "significant injury" is no longer required, the plaintiff must allege that he suffered at least some form of injury. *See Haddix*, 203 F. App'x at 554 (citations omitted). The plaintiff must have suffered a more than *de minimis* physical injury, but there is no categorical requirement that the physical injury be significant, serious, or more than minor. *See Roberson v. Dallas Cnty.*, 207 F.3d 658, 2000 WL 122449, at *1 (5th Cir. 2000) (citing *Gomez v. Chandler*, 163 F.3d 921, 924 (5th Cir. 1999)). The extent of the injury may supply insight as to the amount of force applied. *See Cowart*, 837 F.3d at 453.

## II. ANALYSIS

### A. Officer Caldwell

Calhoun sues Officer Caldwell in her individual and official capacities for using unlawful force against him. Although Calhoun states that Caldwell "assaulted" him, he, in essence, admits that Caldwell's use of force was unintentional and directed toward another inmate. Calhoun explains that, immediately before the incident, "[he] was standing between [Caldwell] and another inmate or beside a[n] inmate getting juice. [Caldwell] tried to hit *his* (emphasis added) cup, but hit me [Calhoun] instead." *See* Pl.'s Answers Ct. Quest., ECF No. 7 at 3.

Under these circumstances, the Court concludes that Calhoun has failed to plead sufficient facts to show that Caldwell had a subjective intent to punish him. Although it is unclear if and why Caldwell had a need to use physical force against a nearby inmate, Calhoun admits that her use of force was not intended for or directed toward him. In other words, this incident appears to have been accidental. Moreover, Calhoun does not allege that he suffered more than a *de minimus* injury. *See Bradshaw v. Unknown Lieutenant*, 48 F. App'x 106, 2002 WL 31017404, at *1 (5th Cir. 2002). Although Calhoun saw a nurse for his "jammed thumb and sore wrist," he did not receive any medical treatment for his alleged injuries. *See* Pl.'s Answers Ct. Quest., ECF No. 7 at 2. And Caldwell does not plead any facts to describe the level or amount of pain that he may have experienced.

For these reasons, the Court concludes that Calhoun has not alleged the violation of a constitutional right and, therefore, has failed to state a plausible § 1983 claim against Caldwell in her individual capacity.

Calhoun's claim against Caldwell in her *official* capacity also fails. As previously noted, to recover damages from Caldwell in her official capacity, Calhoun must demonstrate that Tarrant County is liable for her conduct. Calhoun fails to do so here. He does not even allege, much less plead any facts to show, that Tarrant County had any type of policy or custom that is responsible for this incident.

### B. Sheriff Waybourn

Calhoun sues Sheriff Waybourn in his individual and official capacities for "covering" for his officers. *See* Compl., ECF No. 1 at 3. But supervisory officials cannot be held liable under § 1983 for the actions of subordinates on any theory of vicarious or *respondeat superior* liability. *See Bell v. Livingston*, 356 F. App'x 715, 716–17 (5th Cir. 2009) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). Rather, to state a § 1983 claim against a supervisory official, a plaintiff must plead facts to show that (1) the supervisor was personally involved in the constitutional deprivation; or (2) there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Bell*, 256 F. App'x at 717 (quoting *Tompkins v. Belt*, 828 F.2d 298, 904 (5th Cir. 1987)).

Here, Calhoun admits that Waybourn was *not* personally involved in this incident. *See* Pl.'s Answers Ct. Quest., ECF No. 7 at 5. Calhoun's claim against Waybourn is based on his alleged failure to (1) provide Calhoun any information to better identify Caldwell; and (2) answer the appeal of Calhoun's related internal grievance concerning the incident. *Id.*

To the extent that Calhoun's claim is based on Waybourn's alleged mishandling of his grievance, the Court concludes that he fails to state a plausible § 1983 claim against him. Prisoners do not have a constitutionally protected interest in having grievances resolved to their satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005). Moreover, Calhoun does not plead any facts to show that Waybourn's conduct, in any way, led to or caused the incident about which he complains. For example, Calhoun does not argue that Waybourn's failure to supervise or train Caldwell in a specific manner caused the incident.

For these reasons, the Court concludes that Calhoun has failed to plead sufficient facts to permit the inference that Waybourn is liable for the alleged constitutional violation under § 1983. In addition, for the same reasons stated in the Court's analysis of Calhoun's § 1983 claim brought against Caldwell in her official capacity, the Court concludes that Calhoun has likewise failed to state a plausible § 1983 claim against Waybourn in his official capacity.

## III. CONCLUSION

Calhoun's § 1983 claims against Defendants Caldwell and Waybourn are **DISMISSED WITH PREJUDICE** for failure to state a claim.[1] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED** this **31st day** of **May, 2023.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[1] To the extent that Calhoun's complaint may be construed as raising a state-law negligence claim, the Court declines to exercise any supplemental jurisdiction it may have to adjudicate it. *See* 28 U.S.C. § 1367(c)(3).